UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - -X

WINSTON ALI, et ano,

                       Plaintiffs,

                                             ORDER

     - against -

                                           CV 2008-2114 (NGG)(MDG)

MOHAMMED KA KHAN, et al.,

                       Defendants.

- - - - - - - - - - - - - - - - - -X

This order addresses the December 11, 2008 letter application of Marjorie Bornes, counsel for defendants, seeking dismissal of the complaint due to plaintiff's failure to provide discovery ordered. See ct. doc. 16.

As a preliminary matter, I address whether I have jurisdiction to consider defendants' motion. Even though framed as a motion to dismiss, defendants' motion is essentially one for sanctions for failure to comply with a discovery order and provide automatic disclosures. Dismissal is simply one of the available sanctions enumerated under Rule 37(b)(2)(A) of the Federal Rules of Civil Procedure that a court may impose for failure to comply with a discovery order. Since the order that is the subject of the motion is one issued by me, I will address the motion in the first instance. Were I to determine that the sanction of dismissal is appropriate, then I would so recommend to Judge Garaufis. See Zises v. Dept. of Soc. Srvcs., 112 F.R.D. 223, 226 (E.D.N.Y. 1986); see

also 12 Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure § 3068.2 at 342-44 (2d ed. 1997) ("The critical issue here is what sanction the magistrate judge actually imposes, rather than the one requested by the party seeking sanctions"). If I decline to impose the requested sanction of dismissal, then Rule 72(a) would govern and this matter would be within my pretrial reference authority. See, e.g., Phinney v. Wentworth Douglas Hospital, 199 F.3d 1, 5-6 1st Cir. 1999); Magee v. Paul Revere Life Ins. Co., 178 F.R.D. 33, 37 (E.D.N.Y. 1998) (citing Thomas E. Hoar, Inc. v. Sara Lee Corp., 900 F.2d 522, 525-26 (2d Cir. 1990).

Defendants state that the plaintiffs have failed to provide automatic disclosures or any other discovery. Although such conduct clearly would be grounds for imposition of sanctions, defendants' motion is denied without prejudice because Ms. Borne has failed to demonstrate that she attempted to confer in good faith with plaintiffs' counsel prior to bringing her application, as required by Rule 37(A)(1).

**SO ORDERED.**

Dated: Brooklyn, New York
December 12, 2008

/s/_____
MARILYN D. GO
UNITED STATES MAGISTRATE JUDGE